Filed 6/3/15  Green v. Hawkins CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Amador)

----

| | |
|---|---|
| RICHARD GREEN, | C074918 |
| Plaintiff and Appellant, | (Super. Ct. No. 11-CV-7381) |
| v. | |
| ROBERT HAWKINS, | |
| Defendant and Respondent. | |

Plaintiff Richard Green appeals from the judgment in favor of defendant Robert Hawkins, M.D., which the trial court entered after granting the latter's motion for summary judgment.  The basis of the ruling was plaintiff's failure to produce expert testimony in opposition to the motion on the standard of care in what is a medical malpractice action.

The record on appeal consists of a reporter's transcript of an irrelevant hearing (at which plaintiff dismissed defendant Mule Creek State Prison from the case and the trial court overruled the demurrer of defendant Hawkins), and a clerk's transcript containing a minute order reflecting that hearing, the minute order granting summary judgment, the judgment of dismissal, plaintiff's notice of appeal (to which he attached a number of documents, which we cannot consider as part of the record on appeal because they are not copies of documents otherwise appearing in the record (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 700, p. 769)),[1] and the register of actions.

Given the state of the record, we must affirm the judgment. We necessarily omit a separate summary of the factual and procedural background.

**DISCUSSION**

A judgment is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As a result, it is an appellant's fundamental burden to overcome this presumption with an affirmative demonstration of error; an appellant must accordingly provide a sufficient record to support any claim of error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324). Otherwise, the claim of error is forfeited and the trial court is affirmed. (*Gee v. American Realty & Construction*, *Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Even though we exercise de novo review of a ruling on a summary judgment motion, the trial court is not a "potted plant" to be disregarded because our role is to review judicial rulings for error, not make a ruling in the first instance; thus, we will not consider evidence that was not presented to the trial court. (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 791.) Rather,

---

**1** The same shortcoming is true of the documents plaintiff has appended to his briefing on appeal. We thus disregard his reference to facts contained in them beyond the declaration of defendant discussed below.

we must draw our operative facts solely from the record that the trial court considered. (*Troyk v. Farmers Group*, *Inc.* (2009) 171 Cal.App.4th 1305, 1321-1322.)

These standards are not relaxed in the context of an appellant who appears in pro se. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  It would otherwise be unfair to the particular opponent, and to the other litigants in this court entitled to our timely attention to their claims.

Ordinarily, the historic paradigm for our de novo review of a motion for summary judgment involves the determination of whether a moving party's evidence establishes prima facie entitlement to judgment, after which we consider whether the evidence in opposition creates a factual conflict as to any material issue for a trier of fact to resolve. (*County of Sacramento v. Superior Court* (2012) 209 Cal.App.4th 776, 778-779.)

It is the allegations of the complaint that frame the material issues in a motion for summary judgment.  (*FPI Development*, *Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381.)  Plaintiff has failed to include the pertinent complaint in the record on appeal.  He has also failed to include any of the motion papers (or the rulings on the evidentiary objections of defendant to plaintiff's evidence in opposition).  This record is therefore inadequate for us to review the motion.  (*Dawson v. Toledano* (2003) 109 Cal.App.4th 387, 402; see *Gunn v. Mariners Church*, *Inc.* (2008) 167 Cal.App.4th 206, 212-213; cf. *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [forfeiture for failure to include motion to strike, opposition, or ruling on motion to strike in appellate record].)  Not only are the circumstances of the alleged malpractice not properly before us, the subject expert declaration is not part of the appellate record as well.  Furthermore, since we may affirm the judgment on *any* ground defendant raised and are not limited to the reasons in the ruling on the motion (*Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1498), the absence of the pleadings prevents us from identifying the material issues and the absence of defendant's motion obstructs

our constitutionally mandated duty to assess whether any error was prejudicial. Consequently, plaintiff has forfeited any contention of error.

In his brief, defendant responds on the merits to facts contained in two pages of his supporting expert declaration that appear as exhibits to plaintiff's notice of appeal. If we assume that we may treat these as admissions or mutual concessions as to these facts (*Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 3; *County of El Dorado v. Misura* (1995) 33 Cal.App.4th 73, 77), plaintiff could not prevail on appeal in any event.

From this portion of defendant's declaration, we learn that plaintiff has suffered from seizures for 30 years. He has taken an anticonvulsant medication since 1998, presently in the amount of 500 milligrams daily. Defendant began to treat plaintiff at Mule Creek State Prison in 2008. Apparently in his complaint, plaintiff claims he had toxic levels of the medication in his system in August 2010 that caused him to fall in the bathroom. However, in June 2010 defendant had tested plaintiff's blood and found the level of medication was 26.2 micrograms per milliliter (mcg/ml), which was above the recommended therapeutic level of 10 to 20 mcg/ml *but*, *in defendant's expert opinion*, any symptoms from excessive blood levels of the medication occur only at 35 mcg/ml and above, thus this somewhat elevated level was not cause to adjust the dosage. If there were any reaction to the medication, *in defendant's expert opinion*, it was more likely a result of plaintiff's inconsistency in taking his medication (which he would skip for several days at a time). Furthermore, after the fall plaintiff's level of blood sugar was three times the upper normal range, which *in defendant's opinion* "most likely" was a contributing factor to any lightheadedness or vertigo plaintiff had experienced. Defendant had never substantiated any inability on plaintiff's part to metabolize the medication. As a result, defendant believed he had acted within the prevailing standard of care at all times during his treatment of plaintiff.

When a defendant supports a motion for summary judgment with an expert declaration that a breach of the prevailing standard of care did not occur, a plaintiff

4

must provide an expert declaration to the contrary in order to defeat the motion. (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984-985.) The only exception is where the particular circumstances of the case present a matter within the common knowledge of laypeople, generally where the consequences of treatment would not ordinarily follow in the exercise of due care (i.e., res ipsa loquitur doctrine). (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001.) Dosages and reactions to medications, or the etiology of dizziness are manifestly not subjects within the common knowledge of laypeople, so even if the medical records and publications to which plaintiff refers in his briefing were properly before us, neither plaintiff's opinion nor his evidence of itself are sufficient to oppose the motion for summary judgment without an expert opinion that contradicts defendant's.[2] The basis for the trial court's ruling was accordingly correct.

---

[2] In his reply brief, plaintiff for the first time challenges the trial court's denial of his motion for the appointment of an expert. Not only does his failure to include all portions of the record in the trial court pertinent to this claim forfeit the issue, we are not required to respond in plenary fashion to any issues raised for the first time in an appellant's reply brief. (*Sourcecorp*, *Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061-1062, fn. 7.) We therefore limit ourselves to the observation that a trial court does not have the independent power to order the expenditure of public funds for counsel or an interpreter for an indigent prisoner in a civil matter (*Jara v. Municipal Court* (1978) 21 Cal.3d 181, 184) and thus necessarily this applies to a medical expert as well. Nothing in the record indicates that Amador County has approved funds for the appointment of medical experts for purposes other than the needs of the court in civil matters (Evid. Code, §§ 730, 731), or that the trial court abused its discretion in declining to appoint an expert at its own costs under these provisions; "[i]n practice, courts rarely use this power in civil cases." (2 Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2014) ¶ 8:722, p. 8C–124.)

# DISPOSITION

The judgment is affirmed.  Neither party shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (5).)


                                                                         _____BUTZ_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____RENNER_____, J.